**STEVEN J. ROTHANS-State Bar No. 106579**
**SCOTT CARPENTER-State Bar No. 253339**
**CARPENTER, ROTHANS & DUMONT LLP**
**500 South Grand Avenue, 19th Floor**
**Los Angeles, CA 90071**
**(213) 228-0400 / (213) 228-0401 (Fax)**
srothans@crdlaw.com / scarpenter@crdlaw.com

Attorneys for Defendant, City of San Bernardino, a public entity

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

JOSE ALVARADO, JIMENA
ALVARADO, ERIKA ALVARADO,
and MARCOS ALVARADO, in each
case individually and as successor in
interest to Delfino Avila, deceased,

    Plaintiffs,

   vs.

CITY OF SAN BERNARDINO, and
DOES 1-10, inclusive,

    Defendants.

) Case No. 5:24-cv-00088-JGB-SHK
)
)
)
) **DEFENDANT CITY OF SAN**
) **BERNARDINO'S ANSWER TO**
) **COMPLAINT FOR DAMAGES;**
) **DEMAND FOR JURY TRIAL**
)
)
)
)
)
)
)
)
)
)
)
)

  TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR

ATTORNEYS OF RECORD:

  COMES NOW Defendant City of San Bernardino, a public entity, and

hereby answering the Complaint for Damages filed by Plaintiffs Jose Alvarado,

Jimena Alvarado, Erika Alvarado, and Marcos Alvarado in the above-entitled

action for itself and for no other defendant admits, denies, and alleges as follows:

///

- 1 -

DEFENDANT'S ANSWER TO THE COMPLAINT FOR DAMAGES

## ADMISSIONS AND DENIALS

1.      Answering paragraphs 1 and 2 of the Complaint, defendant admits that jurisdiction and venue are proper.

2.      Answering paragraph 3 of the Complaint, defendant states that this paragraph is a characterization of the Complaint to which no response is required, but otherwise defendant lacks sufficient information or belief to enable it to answer said paragraphs, and on that ground, denies each and every allegation contained therein.

3.      Answering paragraphs 4-8, 10-15, 18, 24, 31, 36, 43, 50, 59, 69, 79, 89, 95, 103, and 114 of the Complaint, defendant does not have sufficient information or belief to enable it to answer said paragraphs, and on that ground, denies each and every allegation contained therein.

4.      Answering paragraph 9 of the Complaint, defendant admits that the City of San Bernardino is a public entity organized and operating under the laws of the State of California.

5.      Answering paragraphs 16, 17, 19, 22, 23, 26-30, 33, 34, 35, 38-42, 45-49, 52-58, 61-68, 71-78, 80, 82-88, 91-94, 97-102, and 105-113 of the Complaint, defendant denies each and every allegation set forth therein.

6.      In response to paragraph 21 of the Complaint, defendant admits that the underlying incident occurred on November 30, 2022 in the City of San Bernardino and resulted in decedent's death, and during said incident officers responded to an arson call and contacted decedent, but otherwise defendant denies the remaining allegations contained therein.

7.      Answering paragraphs 20, 25, 32, 37, 44, 51, 60, 70, 81, 90, 96, and 104 of the Complaint, defendant incorporates its admissions and denials to each of the preceding paragraphs.

## AFFIRMATIVE DEFENSES

1.      The Complaint, as a whole, fails to state facts sufficient to constitute a

- 2 -

1    claim upon which relief can be granted against any defendant.

2         2.    The Complaint fails to state a claim (cause of action) against this

3    answering defendant under 42 U.S.C. § 1983, including but not limited to

4    violations of the Fourth and Fourteenth Amendments.

5         3.    Any and all force used by defendant, or its agents and/or employees,

6    during the incident complained of was objectively reasonable under the totality of

7    circumstances.

8         4.    Any alleged acts or omissions by defendant was superseded by the

9    negligence or intentional acts of decedent and/or third parties whose negligence

10   intervened and was the sole and proximate cause of any detriment that plaintiffs

11   have alleged in the Complaint.

12        5.    The individual officers and/or DOE Defendants are entitled to

13   qualified immunity because they did not violate an underlying constitutional right

14   of plaintiffs or the decedent.

15        6.    The individual officers and/or DOE Defendants are entitled to

16   qualified immunity because the applicable law governing the use of deadly force

17   under the circumstances of this officer-involved shooting was not clearly

18   established, and since a reasonable peace officer in defendants' position could have

19   believed their conduct was lawful.

20        7.    Any force used was privileged as being reasonably necessary, and

21   being believed to be so necessary, to lawful self-defense, defense of third parties,

22   and any individual officers and/or DOE Defendants.

23        8.    Pursuant to California Penal Code § 834(a), decedent knew or should

24   have known that he was being detained and/or arrested by a peace officer and had

25   the affirmative duty to cooperate and refrain from using force or any weapon to

26   resist such arrest.

27        9.    Pursuant to *Monell v. Department of Social Services of the City of*

28   *New York,* 436 U.S. 658 (1978), there can be no recovery for a federal civil rights

DEFENDANT'S ANSWER TO THE COMPLAINT FOR DAMAGES

violation where there is no constitutional deprivation occurring pursuant to governmental policy or custom.

10.     At no time relevant to this litigation did the plaintiffs sustain any violation of their civil rights or those of decedent pursuant to a governmental policy, habit, or custom, thereby precluding any claim (cause of action) for violations of civil rights.

11.     The Complaint fails to state facts sufficient to constitute a *Monell* violation, in that there did not exist a custom, practice or policy that led to a violation of the plaintiffs' or decedent's civil rights.

12.     The actions of defendant and its employees in all respects were objectively reasonable, proper, and lawful.

13.     Defendant is not legally responsible for the acts and/or omissions of the DOE Defendants.

14.     An award of punitive damages is not proper against a government entity such as defendant City of San Bernardino.

15.     Liability for punitive damages is precluded by the absence of malice, in general, and the absence of clear and convincing evidence thereof, in particular, as required by Civil Code Section 3294 (a) and (c), and pursuant to Government Code §818, and *Newport City v. Fact Concerts, Inc*., 453 U.S. 247 (1981).

16.     This action is barred by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure §§ 335.1, 338, 339, 340, and 342.

17.     Plaintiffs' claims are barred by the doctrine of unclean hands.

18.     Plaintiffs' claims are barred by the doctrine of laches.

19.     Plaintiffs have failed to join all necessary parties to this action.

20.     Any recovery on the plaintiffs' Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by the plaintiffs' comparative fault, the comparative fault of the decedent, and/or the comparative

DEFENDANT'S ANSWER TO THE COMPLAINT FOR DAMAGES

fault of others.

21.     Any recovery on the plaintiffs' Complaint, or any purported cause of action alleged therein, is barred by the doctrine of waiver.

22.     Any recovery on the plaintiffs' Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by the plaintiffs' failure to mitigate their damages.

23.     Neither a public entity nor a public employee is liable for his act or omission, exercising due care, in the execution or enforcement of any law.

24.     Neither a public entity nor a public employee is liable for any injury caused by the act or omission of another person.

25.     Neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion is abused.

26.     Neither a public entity nor a public employee acting in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, is liable for any injury caused thereby, except to the extent that he would have been liable had the enactment been constitutional, valid and applicable.

27.     To the extent the Complaint seeks damages for any state tort claims, those claims are barred in that the plaintiffs has failed to properly comply with the provisions of the California Tort Claims Act in the filing of an appropriate claim with a public entity prior to the initiation of the lawsuit, pursuant to the provisions of Government Code sections 900, 901, 910, and 911.2; furthermore, the Claims for Damages submitted do not authorize the various state torts set forth in the plaintiffs' Complaint.

28.     Defendant and its agents, officers or employees are immune from civil liability pursuant to Government Code §§ 810 et. seq, including but not limited to Sections 818.2, 815, 815.2, 818, 818.8, 820, 820.2, 820.4, 820.6, 820.8,

DEFENDANT'S ANSWER TO THE COMPLAINT FOR DAMAGES

821, 821.6, 821.8, 822.2, 844.6, 844, 844.6, 845, 845.2, 845.4, 845.6, 845.8, 846, and 856; Civil Code section 43.55; and Penal Code sections 243, 834, 835, 836, 836.5, 847 and 1389.

29.     Plaintiffs seek damages not allowed or authorized by law.

30.     Defendant asserts that the acts complained of by plaintiffs were provoked by the decedent's unlawful and wrongful conduct in that he willfully, maliciously, unlawfully, and wrongfully interfered with the lawful orders of a police officer(s), and purposefully resisted, delayed and/or obstructed the detention, arrest and/or investigatory orders, despite requests that he desist, and continued to do so.

31.     Defendant reserves the right to amend and assert additional defenses as they become known.

WHEREFORE, defendant prays as follows:

1.     That the plaintiffs take nothing by way of their Complaint for Damages.

2.     That defendant recovers the costs of suit incurred herein.

3.     That defendant recovers reasonable attorney's fees incurred herein.

4.     That the Court award such other and further relief as it deems just and proper.

DATED: April 16, 2024          CARPENTER, ROTHANS & DUMONT LLP


By:    _/s/ Scott J. Carpenter_____
STEVEN J. ROTHANS
SCOTT J. CARPENTER
Attorneys for Defendant,
City of San Bernardino

DEFENDANT'S ANSWER TO THE COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

Pursuant to Local Rule 38-1, defendant City of San Bernardino hereby demands a jury trial as provided in Rule 38(b) of the Federal Rules of Civil Procedure.

DATED: April 16, 2024          CARPENTER, ROTHANS & DUMONT LLP

By:    */s/ Scott J. Carpenter*
STEVEN J. ROTHANS
SCOTT J. CARPENTER
Attorneys for Defendant,
City of San Bernardino

- 1 -
DEFENDANT'S ANSWER TO THE COMPLAINT FOR DAMAGES