Dale K. Galipo, Esq. (SBN 144074)
*dalekgalipo@yahoo.com*
Renee V. Masongsong, Esq. (SBN 281819)
*rvalentine@galipolaw.com*
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

James S. Terrell, Esq. (SBN 170409)
*jim@talktoterrell.com*
**LAW OFFICE OF JAMES S. TERRELL**
15411 Anacapa Road
Victorville, CA 92392
Tel:   (760) 951-5850
Fax:   (760) 952-1085

Sharon J. Brunner, Esq. (SBN 229931)
*sharonjbrunner@yahoo.com*
**LAW OFFICE OF SHARON J. BRUNNER**
14393 Park Avenue, Suite 100
Victorville, CA 92392
Tel:   (760) 243-9997
Fax:   (760) 843-8155

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALVARADO, JIMENA ALVARADO, ERIKA ALVARADO, and MARCUS ALVARADO, in each case individually and as successor in interest to Delfino Avila, deceased,<br><br>                    Plaintiffs,<br><br>vs.<br><br>CITY OF SAN BERNARDINO and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No. 5:24-cv-00088-JGB-SHK<br><br>*Assigned to*:<br>Hon Jesus G. Bernal<br>Hon. Mag. Judge Shashi H. Kewalramani<br><br>**JOINT RULE 26 SCHEDULING CONFERENCE REPORT**<br><br>Date:      September 9, 2024<br>Time:      11:00 a.m.<br>Crtrm:     Courtroom 1<br>              3470 Twelfth Street<br>              Riverside, CA 92501 |

Pursuant to Local Rule 26-1, Federal Rule of Civil Procedure Rule 26(f), and this Court's Order, the parties hereby submit the following Joint Report. Pursuant to

1
SCHEDULING CONFERENCE REPORT

Federal Rule of Civil Procedure Rule 26(f) and this Court's Order, an early meeting was held between counsel, Renee Masongsong of the Law Offices of Dale K. Galipo, counsel for Plaintiffs, and counsel for Defendants City of San Bernardino.

### A. STATEMENT OF THE CASE

#### i. According to Plaintiffs

This is a civil rights and state tort action brought pursuant to 42 U.S.C. §1983 and California law. This case arises from the violation of various rights under the United States Constitution and California law in connection with the unjustified and unlawful shooting of the decedent, Delfino Avila. Plaintiffs bring state and federal causes of action for: (1) violations of 42 U.S.C. § 1983 and the Fourth Amendment, including Excessive Force, unlawful detention and arrest, and failure to provide medical care; (2) interference with familial relations in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment; (3) Municipal Liability— Unconstitutional Custom, Practice, or Policy, Ratification, and Failure to Train; (4) False Arrest and False Imprisonment; (5) Battery; (6) Negligence; (7) Violation of Cal. Civil Code § 52.1.

On November 30, 2022, City of San Bernardino officers Zack Ewing and Carla Gutierrez responded to a call regarding an unindentified man setting fire to a palm tree. The officers contacted Delfino Avila, who on information and belief was expereincing a mental health crisis, after they arrived. Mr. Avila was holding a wooden object, but was not armed with a knife or gun. One of the officers deployed a taser at Mr. Avila, which escalated the situation. One of the officers fired lethal shots at Mr. Avila, injuring and ultimately killing him. On information and belief, the officers did not give Mr. Avila a verbal warning that they were prepared to use deadly and non-deadly force before tasing and shooting Mr. Avila. At all relevant times, including at the time of the shooting, Mr. Avila was not armed with a gun or knife and posed no immediate threat of death or serious bodily injury to any person. Additionally, there were other reasonable alternative measures available to the officers rather than shooting.

The shooting and other uses of force were excessive and unreasonable, particularly because at the time of the shooting and other uses of force against him, the decedent did not pose an immediate threat of death or serious bodily injury to the officers or to anyone else. The use of deadly force was unnecessary, unlawful, unjustified, and contrary to basic police training and standards. On information and belief, the decedent was not armed with a gun or a knife at all relevant times, including at the time of the shooting.

      ii.    **According to Defendants**

On Wednesday, November 30, 2022, at approximately 10:42 p.m., the San Bernardino Police Department ("SBPD") Officers Zack Ewing and Carla Gutierrez were dispatched to the 1400 block of West Union Street in San Bernardino based on a 911 call that a Hispanic male attempting light a palm tree on fire near the rear yard of the residence. Upon arrival at the scene, Officers Ewing and Gutierrez observed a Hispanic male (later identified as decedent Delfino Avila) on the driveway of 1464 West Union Street, holding a large, cross-shaped, wooden object. The officers gave decedent multiple commands, in English and Spanish, to drop the object but he refused and swung the object at one of the officers.

Decedent retreated to the rear yard of the residence where he picked up another object resembling a hatchet. As decedent moved towards the officers with dangerous objects in his hands, the officer deployed their tasers. The taser deployments were ineffective, as Avila still moved aggressively towards the officers with an object raised over his head. As decedent screamed aggressively and started to charge towards Officer Gutierrez with the objects in his hands, Officer Ewing fired his duty weapon at decedent.

Defendants deny that the attempted detention of the decedent was unjustified or that excessive force was used. Defendants further deny that the City of San Bernardino and/or its officers violated decedent's and/or plaintiff's civil rights or otherwise committed state torts. Reasonable suspicion existed to detain decedent, and then probable cause arose after decedent threatening and attached the officers. The

force used was justified under the circumstances based on decedent's dangerous, violent, and threatening conduct, which pose a threat of imminent serious bodily injury or death.

In addition to the issues raised by plaintiffs herein, defendants submit that this case will involve the following issues: (1) whether Officers Ewing and Gutierrez (or any other officer) are entitled to qualified immunity; and (2) decedent's comparative negligence.

### B. SUBJECT MATTER JURISDICTION

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

### C. LEGAL ISSUES

Based on current information, the key legal and factual issues in this case are:

1) Whether the actions and inactions by the involved officers were reasonable under the circumstances within the meaning of Fourth Amendment jurisprudence;
2) Whether the shooting and alleged use of excessive force against the decedent resulted from conduct that was malicious, oppressive, or in reckless disregard of his rights;
3) Whether the individual officer defendants unreasonably denied medical care to the decedent;

4) Whether the City of San Bernardino has unconstitutional policies, that were the cause of the Plaintiffs' and the decedent's injuries;

5) Whether the officer defendants had reasonable supsicion to detain and probable cause to arrest the decedent;

6) Whether the officers' use of force, including deadly force, was objectively reasonable under the circumstances;

7) Whether the officerswere negligent with respect to their handling of the situation, including using force against the decedent and failing to deliver prompt medical care to him;

8) Whether Plaintiffs are entitled to receive compensation for any damages, including whether Plaintiffs are entitled to punitive damages; and

9) The nature and extent of the Plaintiffs' damages, including punitive damages.

As mentioned above, defendants will assert the following affirmative defenses: (1) whether the individual officer defendants are entitled to qualified immunity; and (2) decedent's comparative negligence.

**D. PARTIES, EVIDENCE, ETC.**

The Plaintiffs are JOSE ALVARADO, JIMENA ALVARADO, ERIKA ALVARADO, and MARCUS ALVARADO, in each case individually and as successor in interest to Delfino Avila, deceased.

The defendants are the CITY OF SAN BERNARDINO and its invovled police officers, ZACK EWING and CARLA GUTIERREZ. Plaintiffs intend to seek leave to file an amended complaint naming these individual defendants.

**E. DAMAGES**

Plaintiffs seek damages in excess of $10,000,000, including wrongful death damages, survival damages, and punitive damages. Plaintiffs also seek attorneys' fees and costs of suit.

Defendants do not have sufficient information at this time to estimate potential

damages. Defendant City of San Bernardino denies all liability and wrongdoing for any and all of Plaintiffs' claims.

**F. INSURANCE**

The City of San Bernardino is permissibly self-insured per California Government Code § 990.

**G. MOTIONS**

Plaintiffs anticipate filing a motion to amend the complaint

Plaintiffs anticipate filing motions *in limine* in this case if the case proceeds to trial.

Plaintiffs request two weeks to oppose any dispositive motion that may be filed in this case, and the parties have proposed an extended briefing schedule on any dispositive motion.

Defendants intend to file a motion for summary judgment as to each of plaintiffs' claims, as well as motions in limine.

**H. MANUAL FOR COMPLEX LITIGATION**

N/A

**I. STATUS OF DISCOVERY**

The parties will exchange initial disclosures pursuant to Rule 26. Plaintiffs propounded written discovery on July 18, 2024.

The parties anticipate entering into a stipulated protective order prior to conducting any discovery in order to ensure the confidential nature with respect to sensitive documents.

**J. DISCOVERY PLAN**

Counsel agree that no changes should be made in the timing, form, or requirements for disclosures under Rule 26(a). The parties will make initial disclosures on or before August 9, 2024. The parties are not requesting changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules at this time. There are no anticipated issues about disclosure or discovery of

electronically stored information. Counsel agree that no changes should be made as to discovery as it is governed by law or Local Rules.

      **i.   Plaintiffs**

Plaintiffs served a Request for Production of Documents on the City of San Bernardino on July 18, 2024. Plaintiffs may propound additional written discovery on Defendants. In addition to retaining experts and conducting expert depositions at the appropriate time, Plaintiffs shall depose the officers who used force against the decedent and additional officers who responded to this incident.

According to Plaintiffs, subjects on which discovery may be needed include: the officers' training; the officers' prior uses of force, if any, including any citizens' or internal complaints made against the involved officers; City of San Bernardino Department policies with regards to use of force complaints; Department policies with regards to when deadly force may be used; the handling of evidence by City of San Bernardino employees; medical treatment provided to the decedent on the scene of the incident; testimony of witnesses and involved officers, regarding the facts of the shooting incident and the City's investigation into the incident.

      **ii.   Defendants**

Defendants intend to serve written discovery upon Plaintiffs and subpoena copies of all relevant records, including, but not limited to, medical records, psychological records, law enforcement records, etc. After defense counsel's receipt and review of such responses and records, the depositions of the Plaintiffs and relevant witnesses will be scheduled. Additionally, defendants anticipate retaining various consultants and expert witnesses to testify on the issues of liability, causation, and damages.

**K. DISCOVERY CUT-OFF**

The parties propose a discovery cut-off date of September 26, 2025

**L. EXPERT DISCOVERY**

The parties propose an initial expert disclosure date of August 1, 2025.

The parties propose a rebuttal expert disclosure date of August 22, 2025.

## M. DISPOSITIVE MOTIONS

### i. Plaintiffs

Plaintiffs request in advance a minimum of two weeks to oppose any dispositive motion such as a motion for summary judgement or summary adjudication, should one be filed. The parties agree to the following briefing schedule: (1) Last day to file dispositive motions: September 8, 2025; (2) Last day to file oppositions to dispositive motions: September 22, 2025; (3) Last day to file a reply to any dispositive motion: October 6, 2025; (4) Last day to hear dispositive motions: October 20, 2025.

## N. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION

No settlement discussions have taken place at this time. Counsel are amenable to using the attorney settlement panel.

## O. TRIAL ESTIMATE

The parties have requested trial by jury and estimate the length of the trial at approximately 5 court days after jury selection.

Parties propose a trial date of March 3, 2026. Parties request a Pre-Trial Conference date of February 16, 2026.

## P. TRIAL COUNSEL

Dale K. Galipo will be lead trial counsel for the Plaintiffs' case.

Lead trial counsel for Defendants will be Steven J. Rothans.

## Q. INDEPENDENT EXPERT OR MASTER

Counsel agree that neither a discovery master nor independent scientific expert are needed for this lawsuit.

## R. TIMETABLE

Please see attached.

///

**S. OTHER ISSUES**

None at this time.

DATED: August 26, 2024                    CARPENTER, ROTHANS & DUMONT LLP

By: _____*s/ Scott Carpenter*_____
Scott Carpenter
Attorney for Defendants


DATED: August 26, 2024                    LAW OFFICES OF DALE K. GALIPO

By: _____*s/ Dale K. Galipo*_____
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiffs

JUDGE JESUS B. BERNAL
<u>EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET</u>

| Case No. | 5:24-cv-00088-JGB-SHK |
|---|---|
| Case Name | *Jose Alvarado, et al. v. City of San Bernardino, et al.* |

| Matter | Plaintiff(s)' Request mo/day/year | Defendant(s)' Request mo/day/year | Court's Order |
|---|---|---|---|
| ☒ Jury Trial or ☐ Court Trial **(Tuesday at 9:00 a.m.)** Length: 5 Days | 3/3/2026 | 3/3/2026 | |
| Final Pretrial Conference [L.R. 16] and Hearing on Motions *In Limine* **(Monday – <u>two (2)</u> weeks before trial date)** | 2/16/2026 | 2/16/2026 | |
| Last Date to Conduct Settlement Conference | 7/4/2025 | 7/4/2025 | |
| Last Date to *Hear* Non–discovery Motions (Monday at 9:00 a.m.) | 10/20/2025 | 10/20/2025 | |
| All Discovery Cut–Off (including hearing all discovery motions) | 9/26/2025 | 9/26/2025 | |
| Expert Disclosure (Rebuttal) | 8/22/2025 | 8/22/2025 | |
| Expert Disclosure (Initial) | 8/1/2025 | 8/1/2025 | |
| Last Date to Amend Pleadings or Add Parties | 12/23/2024 | 12/23/2024 | |

ADR [L.R. 16–15] Settlement Choice:

☒ Attorney Settlement Officer Panel

☐ Private Mediation

☐ Magistrate Judge