Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 / Fax: (818) 347-4118

Sharon J. Brunner, Esq. (SBN 229931)
sharonjbrunner@yahoo.com
LAW OFFICE OF SHARON J. BRUNNER
14393 Park Ave., Suite 100
Victorville, CA 92392
Tel: (760) 243-9997 / Fax: (760) 843-8155

James S. Terrell, Esq. (SBN 170409)
LAW OFFICE OF JAMES TERRELL
jim@talktoterrell.com
15411 Anacapa Rd.
Victorville, CA 92392
Tel: (760) 951-5850
Fax: (760) 952-1085

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JOSE ALVARADO, JIMENA ALVARADO, ERIKA ALVARADO, and MARCOS ALVARADO, in each case individually and as successor in interest to Delfino Avila, deceased,

        Plaintiffs,

    vs.

CITY OF SAN BERNARDINO; ZACK EWING; CARLA GUTIERREZ; and DOES 3-10, inclusive,

        Defendants.

Case No. 5:24-cv-00088-JGB-SHK

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1. Unreasonable Search and Seizure—Unlawful Detention and Arrest (42 U.S.C. § 1983)
2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)
3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)
4. Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)
5. Municipal Liability – Inadequate Training (42 U.S.C. § 1983)
6. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)
7. Municipal Liability – Ratification (42 U.S.C. § 1983)
8. False Arrest/ False Imprisonment
9. Battery (wrongful death and survival)
10. Negligence (wrongful death and survival)
11. Violation of Cal. Civil Code § 52.1

**DEMAND FOR JURY TRIAL**

## FIRST AMENDED COMPLAINT FOR DAMAGES

COME NOW Plaintiffs JOSE ALVARADO, JIMENA ALVARADO, ERIKA ALVARADO, AND MARCOS ALVARADO, individually and as successors in interest to Delfino Avila, deceased, for their Complaint against Defendants CITY OF SAN BERNARDINO, ZACK EWING, CARLA GUTIERREZ, and DOES 3-10, inclusive, and allege as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3.     This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Plaintiffs' father, Delfino Avila ("DECEDENT"), on November 30, 2022.

## PARTIES

4.     At all relevant times, DECEDENT was an individual residing in San Bernardino, California.

-1-
FIRST AMENDED COMPLAINT FOR DAMAGES

5.    Plaintiff JOSE ALVARADO ("JOSE") is an individual residing in San Bernardino, California and is the natural son of DECEDENT.  JOSE sues in his individual capacity as the son of DECEDENT and also as a successor in interest to DECEDENT.  JOSE seek both survival and wrongful death damages under federal and state law.

6.    Plaintiff MARCOS ALVARADO ("MARCOS") is an individual residing in San Bernardino, California and is the natural son of DECEDENT. MARCOS sues in his individual capacity as the son of DECEDENT and also as a successor in interest to DECEDENT.  MARCOS seeks both survival and wrongful death damages under federal and state law.

7.    Plaintiff ERIKA ALVARADO ("ERIKA") is an individual residing in San Bernardino, California and is the natural daughter of DECEDENT.  ERIKA sues in her individual capacity as the daughter of DECEDENT and also as a successor in interest to DECEDENT.  ERIKA seeks both survival and wrongful death damages under federal and state law.

8.    Plaintiff JIMENA ALVARADO ("JIMENA") is an individual residing in San Bernardino, California and is the natural daughter of DECEDENT.  JIMENA sues in her individual capacity as the daughter of DECEDENT and also as a successor in interest to DECEDENT.  JIMENA seeks both survival and wrongful death damages under federal and state law.

9.    Defendant ZACK EWING ("EWING") is a Police officer working for the SBPD. At all relevant times, EWING was acting under color of law within the course and scope of their duties as a police officer for the SBPD. EWING was acting with the complete authority and ratification of his principal, Defendant CITY, at all relevant times.

10.    Defendant CARLA GUTIERREZ ("GUTIERREZ") is a Police officer working for the SBPD. At all relevant times, GUTIERREZ was acting under color of law within the course and scope of their duties as a police officer for the SBPD.

GUTIERREZ was acting with the complete authority and ratification of her principal, Defendant CITY, at all relevant times.

11.    At all relevant times, Defendant CITY OF SAN BERNARDINO ("CITY") is and was a municipal corporation existing under the laws of the State of California.  CITY is a chartered subdivision of the State of California with the capacity to be sued.  CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the San Bernardino Police Department and its agents and employees.  At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the San Bernardino Police Department and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, CITY was the employer of Defendants EWING, GUTIERREZ, and DOES 3-10.

12.    Defendants DOES 3-7 ("DOE OFFICERS") are, and were at the time of this incident, police officers working for the San Bernardino Police Department. At all relevant times, DOE OFFICERS were acting under color of law within the course and scope of their duties as police officers for the San Bernardino Police Department.  At all relevant times, DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY.

13.    Defendants DOES 8-10 are, and were at the time of this incident, managerial, supervisorial, and policymaking employees of the San Bernardino Police Department, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the San Bernardino Police Department.  At all relevant times, DOES 8-10 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

14.    On information and belief, EWING, GUTIERREZ, and DOES 3-10 were residents of the County of San Bernardino.

FIRST AMENDED COMPLAINT FOR DAMAGES

15.     In doing the acts and failing and omitting to act as hereinafter described, Defendants EWING, GUTIERREZ, and DOE OFFICERS were acting on the implied and actual permission and consent of Defendants DOES 8-10 and the CITY.

16.     In doing the acts and failing and omitting to act as hereinafter described, Defendants EWING, GUTIERREZ, and DOES 3-10 were acting on the implied and actual permission and consent of the CITY.

17.     The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 3-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously named Defendants are responsible in some manner for the conduct or liabilities alleged herein.

18.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

19.     All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

20.     EWING, GUTIERREZ, and DOES 3-10 are sued in their individual capacity.

21.     On or around May 25, 2023, Plaintiffs filed comprehensive and timely claims for damages with the City of San Bernardino and the City of San Bernardino

FIRST AMENDED COMPLAINT FOR DAMAGES

1  pursuant to applicable sections of the California Government Code.  The claims
2  were rejected by operation of law.

3  **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

4  22.    Plaintiffs repeat and re-allege each and every allegation in the prior
5  paragraphs of this Complaint with the same force and effect as if fully set forth
6  herein.

7  23.    On November 30, 2022, EWING and GUTIERREZ responded to a call
8  regarding an unidentified male setting fire to a palm tree. EWING and GUTIERREZ
9  contacted DECEDENT in a driveway of a residence.  At that time, DECEDENT
10  was not setting any fires or committing any serious or violent crime.  DECEDENT
11  walked away from the officers, into a backyard.

12  24.    EWING and GUTIERREZ each deployed their Taser at DECEDENT,
13  which escalated the situation. A reasonably well-trained police officer in the
14  position of EWING and GUTIERREZ would have known that DECEDENT was
15  mentally ill or experiencing a mental crisis, and would have known that the Taser
16  usage would escalate the situation involving DECEDENT.  Before the officers
17  deployed their Tasers, the officers failed to give DECEDENT a verbal warning that
18  he would be Tased.  The officers also failed to give DECEDENT sufficient
19  commands and time to comply with those commands.

20  25.    After the officers deployed their Tasers against DECEDENT, EWING
21  fired lethal shots at DECEDENT.  Prior to shooting, EWING failed to give
22  DECEDENT a verbal warning that deadly force would be used, even though it
23  would have been feasible to do so.  GUTIERREZ integrally participated in and
24  failed to intervene in the shooting, and GUTIERREZ had a realistic opportunity and
25  responsibility to intervene.

26  26.    The uses of force by EWING and GUTIERREZ, including the Taser
27  deployment and the lethal shots fired by EWING, were negligent, excessive,
28  unreasonable, unjustified, inappropriate, and contrary to basic police training.

DECEDENT posed no immediate threat of death or serious bodily injury to any person during this incident, including during the use of the uses of force. DECEDENT held a wooden cross or object during this incident, and he was not armed with a knife, gun or other weapon and did not have the present ability to immediately cause death or serious bodily injury to any person.   EWING and GUTIERREZ failed to properly handle the situation involving a person who is mentally ill or experiencing a mental health crisis.

27.    Prior to the shooting, the officers engaged in pre-shooting negligent tactics, including escalating a situation involving a mentally ill individual, failing to create an appropriate tactical plan, failing to communicate amongst themselves, failing to give verbal warnings that force would be used.

28.    Plaintiffs are DECEDENT's successors in interest as defined in Section 377.11 of the California Code of Civil Procedure and each succeed to DECEDENT's interest in this action as the natural adult children of DECEDENT.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

(Against Defendants EWING and GUTIERREZ)

29.    Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

30.    When Defendants EWING and GUTIERREZ trained their weapons on DECEDENT, he was not free to leave.  EWING and GUTIERREZ struck DECEDENT with the Taser, and EWING struck DECEDENT with lethal rounds, thereby seizing him.  After the shooting, EWING and GUTIERREZ handcuffed DECEDENT.  EWING and GUTIERREZ did not observe DECEDENT commit any crime, and DECEDENT was not engaged in any criminal activity at the time of the

FIRST AMENDED COMPLAINT FOR DAMAGES

seizure, the use of force, or the handcuffing. In addition to the detention itself being unreasonable, the scope and matter of the detention was also unreasonable.

31.    When Defendants EWING and GUTIERREZ engaged in the foregoing conduct, detaining DECEDENT without reasonable suspicion and then arresting him without probable cause, they violated his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

32.    The conduct of Defendants EWING and GUTIERREZ was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants EWING and GUTIERREZ.

33.    At all relevant times, EWING and GUTIERREZ were acting under color of state law.

34.    As a result of their misconduct, Defendants EWING and GUTIERREZ are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

35.    As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death after the shooting, and also suffered a loss of enjoyment of life, loss of life, and loss of earning capacity.  All Plaintiffs bring this claim as successors in interest to DECEDENT and seek survival damages, costs, and attorney's fees under this claim.

/ / /

/ / /

/ / /

FIRST AMENDED COMPLAINT FOR DAMAGES

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against Defendants EWING and GUTIERREZ)

36.    Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

37.    EWING and GUTIERREZ's unjustified tasing of DECEDENT, as well as EWING's use of lethal force against DECEDENT, deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

38.    The uses of force by EWING and GUTIERREZ, including the Taser deployment and the lethal shots, were excessive, unreasonable, unjustified, inappropriate, and contrary to basic police training. DECEDENT posed no immediate threat of death or serious bodily injury to any person during this incident, including during the use of the uses of force.  DECEDENT had a wooden cross or object at certain points during this incident, and he was not armed with a knife, gun or other weapon.

39.    EWING and GUTIERREZ failed to give DECEDENT a verbal warning before deploying their Tasers, even though it would have been feasible to do so.  It also would have been feasible for EWING to give DECEDENT a verbal warning that deadly force would be used prior to shooting him, but EWING failed to do so, in violation of basic police training and standards.

40.    The officers escalated the situation when they Tased DECEDENT.  A reasonably well-trained officer in the position of EWING and GUTIERREZ would have known that DECEDENT was mentally ill or experiencing a mental crisis and would have known, based on police training, that deploying a Taser against a person who is mentally ill or experiencing a mental crisis would escalate the situation.

41.    As a result of their misconduct, Defendants EWING and GUTIERREZ are liable for DECEDENT's injuries, either because they were integral participants in the uses of excessive force, or because they failed to intervene to prevent these violations.

42.    The conduct of Defendants EWING and GUTIERREZ was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendants EWING and GUTIERREZ.

43.    As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death after the shooting, loss of enjoyment of life, loss of life, and loss of earning capacity.  Plaintiffs bring this claim as successors in interest to DECEDENT, and seek survival damages for the violation of DECEDENT's rights. All Plaintiffs further seek attorney's fees and costs under this claim.

## THIRD CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)

(Against Defendants EWING and GUTIERREZ)

44.    Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

45.    After being struck by the Taser and shot by lethal rounds, DECEDENT was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment.  Defendants EWING and GUTIERREZ did not timely summon medical care or permit medical personnel to treat DECEDENT.  The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering and was a contributing cause of DECEDENT's death.

46.    The denial of medical care by the defendant officers deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

47.    Defendants EWING and GUTIERREZ knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

48.    The conduct of EWING and GUTIERREZ was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants EWING and GUTIERREZ.

49.    As a result of their misconduct, Defendants EWING and GUTIERREZ are liable for DECEDENT's injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations.

50.    As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.  All Plaintiffs bring this claim as successors in interest to DECEDENT, and seek survival damages for the violation of DECEDENT's rights.  Plaintiffs further seek attorney's fees and costs under this claim.

## FOURTH CLAIM FOR RELIEF

### Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)

(Against Defendants EWING and GUTIERREZ and DOE OFFICERS)

51.    Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

52.     Plaintiffs had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiffs' familial relationship with their father, DECEDENT.

53.     The aforementioned actions of EWING and GUTIERREZ, including escalating a situation involving a person who was having a mental crisis, unlawfully detaining and arresting DECEDENT, Tasing him, shooting him with a lethal firearm, and denying him medical care, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

54.     The defendant officers had time to deliberate during this incident before deploying their Tasers and before EWING deployed his lethal firearm, including having time and opportunity to give DECEDENT a verbal warning that force would be used, time to give DECEDENT further commands and time to comply with these commands, and time to evaluate the reasonableness and necessity of using force against DECEDENT.  DECEDENT was not armed with a gun, knife, or other weapon during this incident, and he posed no immediate threat of death or serious bodily injury to any person at the time of the Tasing and the shooting.

55.     EWING and GUTIERREZ thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with his familial relationship with DECEDENT, his father.

56.     As a direct and proximate cause of the acts of EWING and GUTIERREZ, Plaintiffs suffered emotional distress, mental anguish, and pain. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

57.    The conduct of EWING and GUTIERREZ was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages as to Defendants EWING and GUTIERREZ.

58.    All Plaintiffs bring this claim individually and seek wrongful death damages under this claim for the interference with their familial relationship with DECEDENT.  Plaintiffs seek attorney's fees and costs under this claim.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(Against Defendants CITY and DOES 8-10)

59.    Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

60.    Defendants EWING and GUTIERREZ acted under color of law.

61.    The acts of Defendants EWING and GUTIERREZ deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

62.    The training policies of Defendant CITY was not adequate to train its police officers to handle the usual and recurring situations with which they must deal.

63.    Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately.

64.    The failure of Defendant CITY to provide adequate training caused the deprivation of DECEDENT's rights by Defendants EWING and GUTIERREZ; that is, the supervisory and municipal defendants' failures to train is so closely related to the deprivation of DECEDENT's rights as to be the moving force that caused the ultimate injury.

65.    By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

66.    Accordingly, Defendants CITY and DOES 8-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

67.    Plaintiffs bring this claim as successors in interest to DECEDENT and seek both survival and wrongful death damages under this claim.  Plaintiffs also seek attorney's fees and costs under this claim.

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)

(Against Defendants CITY and DOES 8-10)

68.    Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

69.    Defendants EWING and GUTIERREZ acted under color of law.

70.    Defendants EWING and GUTIERREZ acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant CITY.

71.    On information and belief, Defendants EWING and GUTIERREZ were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the unlawful detention and arrest of DECEDENT, the uses of force against DECEDENT, the denial of medical care to DECEDENT, or DECEDENT's death.

72.    Defendants DOES 8-10, together with other CITY policymakers and supervisors maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)  Using excessive force, including excessive use of deadly force and excessive use of less-lethal force;

(b)  Providing inadequate training regarding the use of deadly force;

(c)  Making unlawful detentions and arrests;

(d)  Employing and retaining as police officers individuals such as Defendants EWING and GUTIERREZ, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(e)  Inadequately supervising, training, controlling, assigning, and disciplining CITY police officers, including EWING and GUTIERREZ, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(f)  Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY police officers;

(g)  Failing to adequately discipline CITY police officers, respectively, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(h)  Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(i) Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers/deputies involved;

(j) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and

(k) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings and other uses of force.

73.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

74.     Defendants CITY and DOES 8-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

FIRST AMENDED COMPLAINT FOR DAMAGES

75. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, CITY and DOES 8-10, acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and DOES 8-10, were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

76. Accordingly, Defendants CITY and DOES 8-10, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

77. All Plaintiffs bring this claim individually and as successor in interest to DECEDENT and seek both survival and wrongful death damages under this claim. Plaintiffs seek attorney's fees and costs under this claim.

### SEVENTH CLAIM FOR RELIEF

### Municipal Liability for Ratification (42 U.S.C. §1983)

(Against Defendants CITY and DOES 8-10)

78. Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

79. Defendants EWING and GUTIERREZ acted under color of law.

80. The acts of Defendants EWING and GUTIERREZ deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

81. Upon information and belief, a final policymaker, acting under color of law, has a history of ratifying unreasonable uses of force, including deadly force.

82. Upon information and belief, final policymakers, acting under color of law, who had final policymaking authority concerning the acts of Defendants EWING and GUTIERREZ ratified the individual Defendants' acts and the bases for

them.  Upon information and belief, the final policymakers knew of and specifically approved of the individual Defendants' acts.

83.    Upon information and belief, final policymakers have determined (or will determine) that the acts of Defendants EWING and GUTIERREZ were "within policy."

84.    On information and belief, the CITY ratified the conduct by EWING and GUTIERREZ as alleged herein.

85.    By reason of the aforementioned acts and omissions, Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

86.    Accordingly, Defendants CITY and DOES 8-10 are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

87.    Plaintiffs bring this claim both individually and as successors-in-interest to DECEDENT.  Plaintiffs seek survival damages, including for the nature and extent of DECEDENT's injuries, pre-death pain and suffering, emotional distress, and loss of life and enjoyment of life, as well as wrongful death damages, attorneys' fees, and costs under this claim.

88.    The conduct of Defendants DOES 8-10 was malicious, oppressive and in reckless disregard for the rights and safety of DECEDENT and Plaintiffs and warrants the imposition of exemplary and punitive damages as to DOES 8-10.

### EIGHTH CLAIM FOR RELIEF

**False Arrest/False Imprisonment** (survival and wrongful death)

(Against Defendants CITY, EWING and GUTIERREZ)

89.    Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth

-17-

1  herein.

2      90.    Defendants lacked reasonable suspicion to detain and probable cause to

3  arrest DECEDENT.

4      91.    Defendants EWING and GUTIERREZ intentionally deprived

5  DECEDENT of his freedom of movement by use of force, threats of force, menace,

6  fraud, deceit, and unreasonable duress when they when they trained their weapons

7  on him and then shot him multiple times with both lethal and less-than-lethal

8  rounds, thereby seizing him, and also when they handcuffed DECEDENT after their

9  uses of force, without probable cause.

10     92.    The conduct of EWING and GUTIERREZ was a substantial factor in

11 causing the harm to DECEDENT.

12     93.    As a result of their misconduct, EWING and GUTIERREZ are liable

13 for DECEDENT's injuries, either because they were integral participants in the false

14 arrest/false imprisonment, or because they failed to intervene to prevent these

15 violations.

16     94.    At all relevant times, EWING and GUTIERREZ were working as

17 police officers for the City of San Bernardino Police Department and were acting

18 within the course and scope of their duties as police officers for the CITY.

19     95.    Defendant CITY is vicariously liable for the wrongful acts of EWING

20 and GUTIERREZ pursuant to section 815.2(a) of the California Government Code,

21 which provides that a public entity is liable for the injuries caused by its employees

22 within the scope of the employment if the employee's act would subject him or her

23 to liability.

24     96.    The conduct of EWING and GUTIERREZ was malicious, wanton,

25 oppressive, and accomplished with a conscious disregard for the rights of

26 DECEDENT, entitling Plaintiff to an award of exemplary and punitive damages as

27 to the individual defendants.

28

FIRST AMENDED COMPLAINT FOR DAMAGES

97.    All Plaintiffs bring this claim individually and as successors in interest to DECEDENT, and seek both survival damages and wrongful death damages under this claim.

## NINTH CLAIM FOR RELIEF

**Battery** (wrongful death and survival claim)

(Against Defendants CITY, EWING and GUTIERREZ)

98.    Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

99.    The uses of force by EWING and GUTIERREZ, including the Taser deployment and the lethal shots, were excessive, unreasonable, unjustified, inappropriate, and contrary to basic police training. DECEDENT posed no immediate threat of death or serious bodily injury to any person during this incident, including during the use of the uses of force.  DECEDENT held a wooden cross or object during this incident, but he was not armed with a knife, gun or other weapon.

100.    EWING and GUTIERREZ failed to give DECEDENT a verbal warning before deploying their Tasers, even though it would have been feasible to do so.  It also would have been feasible for EWING to give DECEDENT a verbal warning that deadly force would be used prior to shooting him, but EWING failed to do so, in violation of basic police training and standards.

101.    The officers escalated the situation when they Tased DECEDENT.  A reasonably well-trained officer in the position of EWING and GUTIERREZ would have known that DECEDENT was mentally ill or experiencing a mental crisis and would have known, based on police training, that deploying a Taser against a person who is mentally ill or experiencing a mental crisis would escalate the situation.

102.    As a direct and proximate result of the conduct of EWING and GUTIERREZ, as alleged above, DECEDENT sustained injuries, died from his

-19-

injuries and also lost his earning capacity.  As a direct and proximate result of the conduct of EWING and GUTIERREZ as alleged above, DECEDENT suffered survival damages pursuant to Code of Civil Procedure Section 377.34.

103.   At all relevant times, EWING and GUTIERREZ were working as police officers for the City of San Bernardino Police Department and were acting within the course and scope of their duties as police officers for the CITY.

104.   Defendant CITY is vicariously liable for the wrongful acts of EWING and GUTIERREZ pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

105.   The conduct of EWING and GUTIERREZ was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as the successors in interest to DECEDENT, to an award of exemplary and punitive damages as to Defendants EWING and GUTIERREZ.

106.   All Plaintiffs bring this claim individually and as successors in interest to DECEDENT, and seek both survival damages and wrongful death damages under this claim.

## **TENTH CLAIM FOR RELIEF**

**Negligence** (wrongful death and survival claim)

(Against all Defendants)

107.   Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

108.   Police officers, including EWING and GUTIERREZ, have a duty to use reasonable care to prevent harm or injury to others. This duty includes only

making lawful detentions and arrests, using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

109.   The uses of force by EWING and GUTIERREZ, including the Taser deployment and the lethal shots, were negligent and contrary to basic police training. DECEDENT posed no immediate threat of death or serious bodily injury to any person during this incident, including during the use of the uses of force. DECEDENT held a wooden cross or object during this incident, but he was not armed with a knife, gun or other weapon.

110.   EWING and GUTIERREZ negligently failed to give DECEDENT a verbal warning before deploying their Tasers, even though it would have been feasible to do so.  It also would have been feasible for EWING to give DECEDENT a verbal warning that deadly force would be used prior to shooting him, but EWING failed to do so, in violation of basic police training and standards.

111.   In violation of their police training, the officers escalated the situation when they Tased DECEDENT.  Properly trained police officers are taught recognize signs of mental illness and taught to de-escalate situations involving a mentally ill individual or a person who is experiencing a mental crisis. A reasonably well-trained officer in the position of EWING and GUTIERREZ would have known that DECEDENT was mentally ill or experiencing a mental crisis and would have known, based on police training, that deploying a Taser against a person who is mentally ill or experiencing a mental crisis would escalate the situation

112.    Defendants EWING and GUTIERREZ breached their duty of care. The actions and inactions of Defendants EWING and GUTIERREZ were negligent and reckless, including but not limited to:

> (a)    the failure to properly and adequately assess the need to use force against DECEDENT, and negligent use of the Taser and negligent use of deadly force;

(b)   the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence and the failure to properly handle a situation with a mentally ill individual or a person who is undergoing a mental crisis;

(c)   the negligent detention, negligent arrest, negligent failure to give a warning prior to using force, and the negligent use of force, including deadly force, against DECEDENT;

(d)   the failure to provide prompt medical care to DECEDENT after the shooting;

(e)   the failure to properly train and supervise employees, both professional and non-professional, including EWING and GUTIERREZ; and

(f)   the negligent communication of information during the incident.

113. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have suffered emotional distress and mental anguish. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

114. At all relevant times, EWING and GUTIERREZ were working as police officers for the City of San Bernardino Police Department and were acting within the course and scope of their duties as police officers for the CITY.

115. Defendant CITY is vicariously liable for the wrongful acts of EWING, GUTIERREZ, and DOES 3-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

116.   All Plaintiffs bring this claim individually and as successors in interest to DECEDENT, and seek both wrongful death and survival damages under this claim.

## ELEVENTH CLAIM FOR RELIEF

### (Violation of Cal. Civil Code § 52.1)

(Against all Defendants)

117.   Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

118.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against any person for exercising that person's constitutional rights, which can be shown by a reckless disregard for that person's civil rights.  EWING and GUTIERREZ intended to interfere with DECEDENT's constitutional rights, did successfully interfere with DECEDENT's constitutional rights, and also acted with reckless disregard for DECEDENT's constitutional rights.

119.   Defendants EWING and GUTIERREZ intentionally committed and attempted to commit acts of violence against DECEDENT.

120.   On information and belief, Defendants intentionally committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

121.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants EWING and GUTIERREZ were intended to discourage him from exercising his constitutional rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

122.   The conduct of Defendants EWING and GUTIERREZ was a substantial factor in causing DECEDENT's and Plaintiffs' harms, losses, injuries, and damages.

123.   At all relevant times, EWING and GUTIERREZ were working as police officers for the City of San Bernardino Police Department and were acting within the course and scope of their duties as police officers for the CITY.

124.   Defendant CITY is vicariously liable for the wrongful acts of EWING, GUTIERREZ, and DOES 3-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

125.   Defendants DOES 8-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

126.   The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to Defendants DOE OFFICERS.

127.   All Plaintiffs bring this claim as successors in interest to DECEDENT, and seek survival damages under this claim. Plaintiffs seek attorney's fees and costs under this claim pursuant to Cal. Civ. Code §52.1.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs JOSE ALVARADO, JIMENA ALVARADO, ERIKA ALVARADO, and MARCOS ALVARADO request entry of judgment in their favor and against Defendants CITY OF SAN BERNARDINO, ZACK EWING, CARLA GUTIERREZ, and DOES 3-10, as follows:

      A.    For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

      B.    For funeral and burial expenses, and loss of financial support;

      C.    For punitive damages against the individual defendants in an amount to be proven at trial;

      D.    For interest;

      E.    For reasonable attorneys' fees, including litigation expenses;

      F.    For costs of suit; and

      G.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED: October 8, 2024          LAW OFFICES OF DALE K. GALIPO

                                *s/ Dale K. Galipo*

                    Dale K. Galipo
                    Renee V. Masongsong
                    *Attorneys for Plaintiffs*

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiffs JOSE ALVARADO, JIMENA ALVARADO, ERIKA

3

ALVARADO, and MARCOS ALVARADO hereby demand a trial by jury.

4

5

DATED: October 8, 2024                   LAW OFFICES OF DALE K. GALIPO

6

7

*s/ Dale K. Galipo*
_____

Dale K. Galipo

8

Renee V. Masongsong

9

*Attorneys for Plaintiffs*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28